UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLEM C. NIJLAND<br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF FINANCIAL<br>PROTECTION & INNOVATION, CA,<br>*Defendant*. | CASE NO. 3:24-CV-793 (KAD)<br><br><br><br>OCTOBER 9, 2024 |

**MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT (ECF NO. 19)**

Kari A. Dooley, United States District Judge:

Plaintiff Willem Nijland ("Nijland" or "Plaintiff"), proceeding *pro se*, commenced this action against the California Department of Financial Protection and Innovation ("CAFPI" or "Defendant"), alleging that Defendant failed to "safeguard the financial soundness and structural integrity" of First Republic Bank ("FRB"), which resulted in FRB's insolvency and, in turn, financial loss for Plaintiff as an FRB shareholder. *See* Amended Complaint ("Am. Compl."), ECF No. 11. He seeks money damages. *Id.* On August 9, 2024, Defendant filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting that Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution. Defendant's Motion to Dismiss ("Def. MTD"), ECF No. 19. Plaintiff filed his response to Defendant's Motion to Dismiss on August 29, 2024. Plaintiff's Response ("Pl. Resp."), ECF No. 24. Defendant filed its reply brief in further support of the Motion to Dismiss on September 12, 2024 ("Def. Reply"), and on September 24,

2024, Plaintiff filed a Sur-Reply.[1]  *See* ECF Nos. 27, 28.  For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED**.

**Standard of Review**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 712 (2d Cir. 2019) (*per curiam*) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Mercer v. Schriro*, 337 F. Supp. 3d 109, 122 (D. Conn. 2018) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).  "The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that [she] has standing to sue." *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quotation marks and alterations omitted).

Although a *pro se* complaint must be construed liberally to raise the strongest arguments it suggests, a *pro se* litigant must be able "to allege facts demonstrating that her claims arise under this Court's . . . jurisdiction." *Gray v. Internal Affairs Bureau*, 292 F. Supp. 2d 475, 477 (S.D.N.Y. 2003).  Absent such a showing the "complaint must be dismissed." *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

**Allegations**

Plaintiff is a citizen of the Netherlands who currently resides in Old Greenwich, CT.  *See* Am. Compl., ECF No. 11 at 1.  Defendant is an agency of the State of California responsible for

---

[1] Although a Sur-Reply is not permitted without leave of the Court, *see* L. Civ. R. 7(d), in view of Plaintiff's status as a *pro se* litigant, the Court has considered the Sur-Reply.

2

the oversight of banks in California.² *Id.* at 1–2. Plaintiff alleges that in March 2023, he "purchased 3000 shares of First Republic Bank," for a total of $85,000. *See id.* at 2, 6. According to Plaintiff, between 2020 through 2022, Defendant "allowed [FRB] to issue muli-million (sic) mortgage loans with up to 30 yaers (sic) maturity, many with interest only payments for the first 10 years and interest rates as low as below 3 percent." *Id.* at 2. Defendant, "as regulator is mandated by law to safeguard the financial soundness and structural integrity of banks under its supervision." *Id.* By failing to, *inter alia*, either "stop-order" FRB from issuing the aforementioned mortgage loans or force FRB to dispose of the loans, Plaintiff alleges that Defendant "allow[ed] a mismtched (sic) lending program to accelerate out of control, creating major financial harm." *Id.* at 2–3. Defendant's failure to "perform its mandated task resulted in the failure of FRB, evaporating $13 billion in capital." *Id.* at 2. Pursuant to the California Government Claims Act ("CGCA"), Cal. Gov't Code § 810, *et seq.*, Plaintiff now seeks "payment for damages incurred" due to "the supervisory failure of the [Defendant]." *Id.* at 3.

**Discussion**

Defendants assert that the Court lacks subject matter jurisdiction over this controversy because Defendant is immune from suit in federal court under the Eleventh Amendment to the United States Constitution and further that there are no exceptions to Eleventh Amendment immunity implicated here. Def. MTD at 1. In response, Plaintiff argues that the CGCA—specifically Section 815.6—constitutes a waiver of Defendant's Eleventh Amendment immunity. Pl. Resp. at 2. In its reply, Defendant asserts that Section 815.6 does not constitute a waiver of Eleventh Amendment immunity, because it does not contain the requisite "unequivocal

---

² *See About*, DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION, https://dfpi.ca.gov/about ("[Defendant] oversees the operations of state-licensed financial institutions, including banks, credit unions, money transmitters, issuers of payment instruments and travelers checks, and premium finance companies.").

expression" of California's consent to be sued in *federal court*. *See* Def. Reply at 1–2. The Court agrees with Defendant.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While Congress may abrogate the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity." *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal citations omitted). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Id.* (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

A state's waiver of immunity may not be implied, and the "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (citing *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675 (1999)). Indeed, it is well-settled that "[a] State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute," and that such a "clear declaration" is required so that the state can be "certain that [it] in fact consents to suit." *Id.*; *see also Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99 (1984); *Martires v. Connecticut Dep't. of Transp.*, 596 F. Supp. 2d 425, 445 (D. Conn. 2009) ("In order to be subject to suit in federal court, a state must expressly and unambiguously waive its Eleventh Amendment immunity.").

4

Here, the Court finds—and the parties do not dispute—that Defendant is an arm of the State of California, insofar as, *inter alia*, it is an agency of California's executive branch charged with the execution of California's laws pertaining to "banks or trust companies or the banking or trust business," etc.  *See* Cal. Fin. Code § 300(b).  As such, absent an unequivocally expressed waiver, Defendant is entitled to Eleventh Amendment immunity.  Plaintiff argues that such a waiver is found within Section 815.6 of the CGCA, which states in pertinent part: "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty."  *See* Pl. Resp. at 2.   Plaintiff misreads the import of this language.

It is correct that "California has waived its sovereign immunity for tort actions."  *See BV Engineering v. Univ. of California, Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988).  Indeed, Section 945 of the CGCA states that "a public entity may sue and be sued," and Plaintiff is correct that Section 815.6 permits suits for damages against public entities that fail to discharge a "mandatory duty imposed by an enactment."  But "[a] state's waiver of sovereign immunity in its *own courts* does not effect a waiver of its eleventh amendment immunity in the *federal courts*."  *BV Engineering*, 858 F.2d at 1396 (emphasis added); *see also Welch v. State Dep't of Highways & Public Transp.*, 483 U.S. 468, 473 (1987) ("[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued.") (quotation marks omitted); *Great Northern Ins. Co. v. Read*, 322 U.S. 47, 54 (1944) ( When a state has consented to a suit against itself, the federal courts should not construe that consent as embracing federal as well as state courts).  Moreover, courts interpreting various provisions of the CGCA have consistently held that any waiver of sovereign immunity contained therein does not include or constitute a

5

waiver of Eleventh Amendment immunity. *See BV Engineering*, 858 F.2d at 1396; *Riggle v. State of California*, 577 F.2d 579, 585 (9th Cir. 1978) ("The [CGCA] does not appear to contain a waiver of immunity which extends further than the California state courts."); *Whiting v. California Civil Rights Dep't.*, No. 24-CV-1032 (RAO), 2024 WL 4003177, at *3 (C.D. Cal. June 27, 2024) ("Although California has waived governmental immunity for certain tort claims brought in California state court, California has not waived immunity for such claims brought in federal court.").

Accordingly, the Court concludes that the text of the CGCA relied upon by Plaintiff does not unequivocally express the State of California's consent to be sued in federal court. *See Sossamon*, 563 U.S. at 284. Plaintiff's Amended Complaint is barred by the Eleventh Amendment.[3]

**Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. The Clerk of Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of October 2024.

       /s/ Kari A. Dooley
       KARI A. DOOLEY
       UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's alternative argument that the Court has diversity jurisdiction over this action misses the mark. *See* Pl. Resp. at 3; ECF No. 28 at 2. "Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or [the Second Circuit]." *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 51 n.1 (2d Cir. 2020) (summary order), *cert. denied*, 141 S.Ct. 1070 (U.S. Jan. 11, 2021) (quoting *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013)). But as set forth above, the Eleventh Amendment bars Plaintiff's claims from being brought in federal court. So even if Plaintiff can otherwise establish the Court's diversity jurisdiction, this does not alter the outcome because regardless the basis for the assertion of federal court jurisdiction, the Defendant is still immune from suit in federal court.